**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JUAN CARLOS CANA GONZALEZ,<br><br>     Plaintiff,<br><br>     v.<br><br>AUTONOMOUS MUNICIPALITY OF CAROLINA, ET AL.,<br><br>     Defendants. | **Civil No. 12-1573 (SEC)** |
| MOISES PEREZ-GARCIA,<br><br>     Plaintiff,<br><br>     v.<br><br>MUNICIPALITY OF CAROLINA, ET AL.,<br><br>     Defendants. | **Civil No. 12-1728 (SEC)** |

**OPINION AND ORDER**

Before the Court are co-defendants' motion to dismiss (Docket # 43), and the plaintiffs' opposition thereto. Docket # 46. After reviewing the filings and the applicable law, co-defendants' motion is **GRANTED in part and DENIED in part.**

**Factual and Procedural Background**

This is a case involving political discrimination claims stemming from the 2012 mayoral election in the Municipality of Carolina (Municipality). Juan Carlos Cana and Moises Pérez (collectively, Plaintiffs), two members of the Municipality's Police Department, bring this civil rights action under 42 U.S.C. § 1983, alleging that they were politically discriminated against for supporting a candidate with political views antagonistic to the current administration. The defendants, who are being sued in their personal and official capacities, are Freddie Márquez,

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)** **Page 2**

the Municipality's current Police Commissioner, Elias Marrero, a captain in the force, Wilber Medina, Rubén Moyeno, and Iván Pizarro, two members of the Municipality's Police Department (collectively, Defendants).[1]

A succinct recount of Plaintiffs' allegations suffices to set the stage for the analysis. Plaintiffs allege that they have been "victims of a pattern of workplace harassment and/or adverse employment actions" by Defendants, because of their affiliation to the New Progressive Party (NPP), and for having publicly supported their candidate's bid for the office of the Mayor. Docket # 31, ¶ 1. According to the consolidated complaint, Defendants and the Municipality's Mayor are members of the opposing Popular Democratic Party (PDP). Id. ¶¶ 5-11. Plaintiffs allege that once Defendants found out about Plaintiffs' support for the NPP candidate, they repeatedly harassed, demoted, and transferred Plaintiffs. Id. ¶¶ 71-72. Plaintiffs also complain that they were subjected to excessive disciplinary proceedings. Id.

Plaintiffs Cana and Pérez originally filed separate suits, but because both suits involved common questions of law and fact, see Fed. R. Civ. P. 42(a)(2), the Court consolidated them. Docket # 28. Plaintiffs then filed an amended and consolidated complaint, Docket # 31, which is now the operative pleading. The consolidated complaint contains three causes of action. The first cause of action alleges "first amendment and due process" violations under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. Docket # 31, p. 21. The second count claims, among other state-law violations, violations of Article 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5142. Id., p. 22. Finally, the third cause of action asserts retaliation under Puerto Rico Law 115, P.R. Laws Ann. tit. 29, § 194a. Id.

---

[1] The Municipality and its Mayor are also being sued, but because they had already "filed their answers, (Docket # 37) and because the pleadings [we]re closed," (Docket # 48), the Court denied their request to join Defendants' motion to dismiss.

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)**                                                               Page 3

Defendants move to dismiss for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6), arguing that (1) the complaint fails to articulate a plausible § 1983 claim for any of the alleged constitutional violations; (2) some of the claims are time-barred; (3) the Article 1803 claims cannot survive; (4) Plaintiffs fail to plead a conspiracy under § 1983; and (4) there is no individual liability under Law 115. Docket # 43. Plaintiffs timely opposed. Docket # 46.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating the motion, the court must accept as true all "well pleaded facts [and indulge] all reasonable inferences" in their favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). "Dismissal of a complaint under Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011). But even under the liberal pleading standards of Federal Rule of Civil Procedure 8, Twombly teaches that to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 556.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court clarified that two underlying principles must guide a court's assessment of a complaint's adequacy. First, a court must discard any conclusory allegations in the complaint, as these are not entitled to an assumption of truth. Id. at 677. That is to say, courts must disregard "rote repetition of statutory language," McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217 (1st Cir. 2012), as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 555). Some averments, moreover, "while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)**                                                             **Page 4**

to cross the line between the conclusory to the factual." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011).

Second, a complaint survives only if it states a plausible claim for relief. Iqbal, 556 U.S. at 670. A claim has facial plausibility when a "complaint's non-conclusory factual content . . . . [permits] the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged.'" Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir. 2013) (quoting Iqbal, 556 U.S. at 663). Plausibility, the Court has instructed, is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 678. In doing so, courts must keep a bedrock principle in mind: A complaint must contain enough detail to give "a defendant fair notice of the claim and the grounds upon which it rests." Ocasio-Hernández, 640 F.3d at 8 (citing Fed. R. Civ. P. 8(a)(2)). So, while a complaint must be supported by facts and not mere generalities, "only enough facts to make the claim plausible" are required. Liu v. Amerco, 677 F.3d 489, 497 (1st Cir. 2012). "The place to test factual assertions for deficiencies and against conflicting evidence is at summary judgment or trial." Id. Finally, because "the response to Twombly and Iqbal is still a work in progress," Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012), the First Circuit has cautioned that "'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where . . . . 'some of the information needed may be in the control of [the] defendants.'" Id. (quoting Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012)).

**Applicable Law and Analysis**

*I. Claims under the U.S. Constitution*

The analysis begins with 42 U.S.C. § 1983, which is the statutory predicate for the vindication of federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To prove liability under § 1983, a "plaintiff[ ] must show by a preponderance of the evidence that (1) the challenged conduct was attributable to a person acting under color of state

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)** **Page 5**

law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." Vélez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151–52 (1st Cir. 2006). Under § 1983, government officials may only "be held liable if the plaintiff can establish [a] constitutional injury result[ing] from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." Rodríguez-García v. Municipality of Caguas, 495 F.3d 1, 10 (1st Cir. 2007) (internal quotation marks omitted). A plaintiff must therefore link each individual defendant to the alleged violation of federal rights. González-Piña v. Rodríguez, 407 F.3d 425, 432 (1st Cir. 2005). In other words, each defendant responds for his own acts or omissions in light of his duties; there is no liability on the basis of respondeat superior. Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91–92 (1st Cir.1994); Rizzo v. Goode, 423 U.S. 362, 375-77 (1976). Finally, the actionable conduct must be intentional, grossly negligent, or with reckless or callous indifference to established constitutional rights. Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 562 (1st Cir.1989); Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir.1986).

In this case, Plaintiffs' complaint satisfies the first prong of the § 1983 analysis, as all the decisions at issue in this case were taken under color of state law. Defendants do not dispute this point. They contend instead that Plaintiffs fail to state a violation of a constitutional right. The Court addresses Defendants' contentions in turn.

*A. Fifth Amendment Claims*

First, Defendants contend that Plaintiffs' claims under the Fifth Amendment should be dismissed because no federal actors are involved in this case. Docket # 43, p. 9. Plaintiffs fail to respond entirely. That implicit acknowledgment is unsurprising; as correctly argued by Defendants, the Due Process Clause of the Fifth Amendment applies "only to actions of the federal government—not to those of state or local governments." Martínez-Rivera v. Sánchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007); see id. (affirming dismissal of Fifth Amendment claims

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)**                                                                                      **Page 6**

because police officers are state actors and not federal actors). Because the consolidated complaint contains no allegations that any of the defendants are federal actors, Plaintiffs' Fifth Amendment claims are **DISMISSED**.

### B. *Political Discrimination Claims*

It should go without saying that political discrimination is proscribed by the First Amendment of the United States Constitution. Kusper v. Pontikes, 414 U.S. 51, 56-57 (1973). As the First Circuit has remarked: "The right to associate with the political party of one's choice is an integral part of the basic constitutional freedom to associate with others for the common advancement of political beliefs and ideas protected by the First Amendment." Carrasquillo v. Puerto Rico ex rel. Justice Dep't., 494 F.3d 1, 4 (1st Cir. 2007). "[T]he First Amendment protects associational rights . . . [and] the right to be free from discrimination on account of one's political opinions or beliefs." Galloza v. Foy, 389 F.3d 26, 28 (1st Cir. 2004).

Here, Defendants maintain only that Plaintiffs fail to establish a prima facie case of political discrimination. This single-minded approach, however, is unavailing. That is so, because their contentions run afoul of the First Circuit's recent holding that "a prima facie case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 51 (1st Cir.2013); accord, e.g., Ramírez-Vega v. Wal-Mart Puerto Rico, Inc., No. 12-1361, 2012 WL 6597894, at * 3 (D.P.R. Dec. 18, 2012).[2]

At any rate, the Court agrees with Plaintiffs that their political-discrimination allegations

---

[2]Generally, to state an actionable claim of political discrimination, the plaintiff's complaint should "plausibly allege that he is not of the defendants' political affiliation and that the defendants were aware of his affiliation. The complaint must also allege an adverse employment action and that political affiliation was a substantial or motivating factor for the adverse action." Rodríguez-Ramos v. Hernández–Gregorat, 685 F.3d 34, 40-41 (1st Cir. 2012) (citing Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 239 (1st Cir.2010)). Nonetheless, Rodríguez-Reyes teaches that "[t]hose elements are part of the background against which a plausibility determination should be made." Rodríguez-Reyes, 711 F.3d at 55.

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)**                                                                                                        Page 7

survive dismissal. They have adequately pled sufficient facts to plausibly show that Defendants, who are allegedly sympathetic to the PDP, deprived Plaintiffs of their constitutional rights because of their political affiliation to the NPP. At this plaintiff-friendly stage, where the Court must credit all proper factual allegations, Plaintiffs have set forth facts establishing that Defendants were personally and directly involved in their demotions and deprivation of duties. See, e.g., Morales-Santiago v. Hernández-Perez, 488 F.3d 465, 469 (1st Cir. 2007) (noting that the First Amendment protects "from job dismissals to promotion, transfer, recall, or hiring decision" (citing Rutan v. Republican Party, 497 U.S. 62, 79 (1990))). Accordingly, Plaintiffs' allegations nudge their claims "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Of course, with the necessary evidentiary support, they may still successfully challenge Plaintiffs' factual allegations at the summary judgment stage. For now, however, Defendants' request is **DENIED**.

*C. Due Process and Equal Protection Claims*

Next, Defendants argue that because Plaintiffs "have failed to adequately allege the deprivation of a liberty or property interest sufficient to invoke the Due Process Clause of the Fourteenth Amendment," Docket # 43, p. 11, Plaintiffs' due process claims under the Fourteenth Amendment must be dismissed. Plaintiffs respond that they pled "enough allegations" that they "were deprived of a protected property interest." Docket # 46, p. 4; see also id. (alleging that Plaintiffs have been "submitted to . . . adverse employment actions, including illegal transfers, demotions, reductions in benefits due to motorcycle incentives, forced vacations, forced compensatory time leaves . . .") (citation omitted; alterations in original). Plaintiffs' response is unavailing. It is well settled that "under Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform." Ruíz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005).

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)** **Page 8**

Here, although career employees such as Plaintiffs have a property interest in their continued employment under Puerto Rico law, e.g., Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 6 (1st Cir. 2000), Plaintiffs do not allege that they were terminated from their career positions. And that suffices to conclude that they fail to plead a plausible procedural due process claim. See, e.g., Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir.1996) (requiring plaintiff to demonstrate a protected interest in life, liberty, or property to prevail in action alleging deprivation of procedural due process), "[R]egardless of whether Plaintiff's alleged demotion constitutes adverse action for purposes of the First Amendment, she was not fired, and under Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform." Marrero-Saez v. Municipality of Aibonito, 668 F. Supp. 2d 327, 330 (D.P.R. 2009) (quoting Ruíz-Casillas, 415 F.3d 127, 134 (1st Cir. 2005)) (internal quotation marks omitted).[3]

While it is unclear from the consolidated complaint whether Plaintiffs claim substantive due process violations, that claim would not fare much better. That is so because, the alleged adverse employment actions described above fall way short of "ris[ing] to the conscience-shocking level generally required to state a claim for a substantive due process violation." Joubert-Vázquez v. Alvarez-Rubio, 820 F. Supp. 2d 289, 297 (D.P.R. 2011). In all events, the First Circuit has held that a plaintiff's substantive due process claims, in connection

---

[3] Plaintiffs' one-sentence invocation of Natal-Rosario v. Puerto Rico Police Dep't, 609 F. Supp. 2d 194, 202 (D.P.R. 2009), Docket # 46, pp. 3-4, is insufficient to escape waiver. See, e.g., CMM Cable Rep, Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1525-6 (1st Cir. 1996) (three sentences with three undiscussed citations did not defeat waiver). In any event, insofar as that non-binding case holds that a demotion is a protected property interest under Puerto Rico law, such a holding runs head-on into the undersigned's holding in Marrero-Saez, 668 F. Supp. 2d at 330, and it is therefore rejected. Accord Ruíz-Casillas, 415 F.3d at 134 ("[U]nder Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform.") (emphasis added); Carrasquillo-Gonzalez v. Sagardia-De-Jesus, 723 F. Supp. 2d 428, 439 (D.P.R. 2010) ("Plaintiff has not lost his employment; he was merely reassigned.").

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)**                                                                 **Page 9**

with allegations of political discrimination against a municipality, are coextensive with his First Amendment claims. See Ramírez v. Arlequín, 447 F.3d 19, 25 (1st Cir. 2006) (citing Colón Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 46 (1st Cir.1992)). Hence, "where the plaintiffs have stated a viable First Amendment claim for the very same conduct, [the court] declined to 'enter the uncharted thicket of substantive due process to find an avenue for relief.'" Id. Accordingly, the due process claims are **DISMISSED**.

The same holds true about Plaintiffs' undeveloped equal protection claims. The Equal Protection Clause establishes that "persons similarly situated must be accorded similar governmental treatment." Marrero-Gutierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007). An equal protection claim requires "'proof that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 909 (1st Cir.1995)).

Here, Plaintiffs allege, in a wholly perfunctory and conclusory fashion, that Defendants violated the Equal Protection Clause. But they fail to allege that, compared to others similarly situated, they were selectively treated. This omission dooms the claim. To cinch matters, Plaintiffs' failure to oppose Defendants' contentions on this front "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when [, as here,] the result does not clearly offend equity.'" Rodríguez-Salgado v. Somoza-Colombani, No. 11-2159, 2013 WL 1403263, at *3 (D.P.R. Mar.1, 2013) (quoting NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) (to be published in F.Supp.2d)).

At any rate, this claim substantially overlaps with Plaintiffs' stronger First Amendment claim. See Rosenfeld v. Egy, 346 F.3d 11, 15 (1st Cir. 2003); Arlequín, 447 F.3d at 25. It is beyond dispute that, when equal protection arguments merely restate a plaintiff's First

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)** **Page 10**

Amendment claims, there is "little basis or justification for applying equal protection analysis." Ruiz-Casillas, 415 F.3d at 134 (citing Custodio, 964 F.2d at 45); see also Uphoff Figueroa v. Alejandro, 597 F.3d 423, 430 n .8 (1st Cir. 2010) ("An equal protection claim alleging political discrimination merely restates a First Amendment political discrimination claim and . . . should have been considered under the First Amendment." (citations omitted)). For these reasons, Plaintiffs' equal protection claims are **DISMISSED**.

*D. Conspiracy Claims*

Defendants next posit that Plaintiffs failed to state a conspiracy under § 1983. See Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). The Court agrees with Defendants that this claim fails to meet the pleading standards of Iqbal, albeit on other grounds. This claim cannot survive for a more fundamental reason: It was not even pled as a claim, but alluded to literally once on the third page of the consolidated complaint. See Docket # 32, p. 3 (mentioning the word "conspiring"). Such a lackluster effort dooms the claim. Marrero-Rodríguez v. Municipality of San Juan, 677 F.3d 497, 501 (1st Cir. 2012) ("Plaintiff's purported Fourth Amendment claim fails to meet the pleading standards of Iqbal [since it] was not even pled as a claim, but only mentioned on the first page of the complaint.") (citation omitted); Fábrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 34 (1st Cir.2012) (affirming dismissal under Iqbal "because . . . statutes are briefly mentioned in the complaint ... rather than pled as causes of action . . ."); accord Ramírez-Vega, 2012 WL 6597894, at *5. The Court need not go further. Plaintiffs' conspiracy claims are **DISMISSED**.

*E. Statute-of-limitations Challenge*

As to the statute-of-limitations challenge, the Court finds that the facts establishing Defendants' statute-of-limitations defense are not "clear on the face of the plaintiff's pleadings." Trans–Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (citation and internal quotation marks omitted). The short of it is that Defendants fail to respond

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)** **Page 11**

to Plaintiffs' allegation of "continuing torts." Docket # 46, p. 6. Such an omission complicates the issue, making it unamenable to disposition via motion to dismiss. See Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 114 (1st Cir. 2009). With the necessary evidentiary support, however, they may still successfully challenge Plaintiffs' allegations at the summary judgment stage. Defendants' motion on this score is **DENIED**.

*II. Supplemental Claims*

As to Plaintiffs' claims under Article 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5142, the Court agrees with Defendants that they cannot be plausibly held vicariously liable for anything. The short answer is that Defendants are plainly not employers for purposes of Article 1803 liability. Nor do Defendants fall within any of the other, limited and expressly numerated exceptions provided by Article 1803. See Torres v. Pérez v. López, 113 P.R. Dec. 72, 76 (1982); P.R. Laws Ann. tit. 31 § 5142; accord, e.g., Jimenez-Ruiz v. Spirit Airlines, Inc., 794 F. Supp. 2d 344, 351 (D.P.R. 2011).[4] This infirmity is compounded by Plaintiffs' failure to oppose Defendants' contentions on this front; that omission "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when [, as here,] the result does not clearly offend equity.'" Rodríguez-Salgado, 2013 WL 1403263, at *3 (citations omitted). Plaintiffs' Article 1803 claims are therefore **DISMISSED**.

That leaves Defendants' request to dismiss Plaintiffs' Law 115 personal-capacity claims. Citing Rivera-Maldonado v. Hospital Alejandro Otero-López, 614 F.Supp.2d 181, 197 (D.P.R. 2009), Defendants argue that there is no individual liability under Law 115. Docket # 43, pp.

---

[4] The exceptions provided by Article 1803 are the following: (1) parents are liable for the minor children living with them; (2) guardians are liable for the minors or incapacitated persons who are under their authority and live with them; (3) owners or directors of an establishment or enterprise are liable for their employees "in the service of the branches in which the latter are employed or on account of their duties;" (4) masters or directors of arts and trades are liable for their pupils or apprentices while under their custody; and (5) the Commonwealth of Puerto Rico is vicariously liable "under the same circumstances and conditions as those under which a private citizen would be liable." P.R. Laws Ann. tit. 31, § 5142.

**CIVIL NOS. 12-1573 (SEC) & 12-1728 (SEC)**                                                          Page 12

22-23. But at least one case stands for the contrary proposition. See Arroyo Pérez v. Demir Group Int'l, 733 F.Supp.2d 322, 324 (D.P.R. 2010) (holding that there is individual liability under Law 115, "[g]iven the more liberal nature of Puerto Rico employment laws, in terms of their expansive and generous nature [and] clear statutory language"). Defendants neither identify nor discuss this apparent split, see Garayalde-Rijos v. Autonomous Municipality of Carolina, No. 11-1947, 2012 WL 4447382, at *4 (D.P.R. Aug. 30, 2012) ("There is some disagreement within the District of Puerto Rico as to whether there is personal liability under Law 115.") (collecting cases evincing disagreement), and at this juncture, the Court declines to resolve the issue, not least because resolving it would not dispose of all claims against Defendants. Accordingly, this issue is deferred for a merits determination via summary judgment. Cf. Román-Samot v. Pontifical Catholic Univ. of Puerto Rico, No. 10-1879, 2011 WL 5025978, at * 7 (D.P.R. Oct. 21, 2011). The parties are expected to provide the Court with a developed discussion on this front. See id. The motion to dismiss is, therefore, **DENIED** on this front.

**Conclusion**

For the reasons stated, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**. Plaintiffs' claims against Defendants under the Fifth and Fourteenth Amendments (Equal Protection and Due Process Clauses) are **DISMISSED with prejudice**. Finally, Plaintiffs' conspiracy and Article 1803 claims against Defendants are also **DISMISSED with prejudice**. All other claims remain before the Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of October, 2013.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge